## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| BLH MOTORS, LLC, d/b/a ) | |
| GENESIS OF BLOOMINGTON ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: |
| ) | |
| GENESIS MOTOR AMERICA LLC ) | |
| ) | |
| Defendant ) | |
| _____ ) | |

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, BLH Motors, LLC, d/b/a Genesis of Bloomington ("Luther Genesis") brings this Complaint against the Defendant, Genesis Motor America LLC ("GMA"), and hereby alleges as follows:

### Parties

1.   Plaintiff, Luther Genesis, is a limited liability company organized and existing under the laws of Minnesota with its principal place of business located at 4801 American Blvd. West, Bloomington, MN 55437.  Luther Genesis' sole member is Luther Family LLLP.

2.   Luther Family LLLP is a limited liability limited partnership consisting of one general partner and fourteen limited partners.  The general partner is Luther Family Holdings Ltd., which has a principal place of business in St. Louis Park, Minnesota, is organized under the laws of Minnesota, and is a citizen of Minnesota.  The limited partners are listed below together with their trustees or citizenship:

1

C. David Luther who is a citizen of Minnesota;

R. Dan Luther who is a citizen of Minnesota;

R. Dan Luther 1993 Trust for Rudy Ryan Luther whose Trustees are C. David Luther and Rudy Ryan Luther, both of whom are citizens of Minnesota;

R. Dan Luther 1993 Trust for Melissa Claire Luther whose Trustees are C. David Luther and Rudy Ryan Luther, both of whom are citizens of Minnesota;

C. David Luther 1993 Trust for Blake Luther, whose Trustees are R. Dan Luther and Anne F. Luther, both of whom are citizens of Minnesota;

C. David Luther 1993 Trust for Lauren Luther, whose Trustees are R. Dan Luther and Anne F. Luther, both of whom are citizens of Minnesota;

C. David Luther 1993 Trust for Charles Luther, whose Trustees are R. Dan Luther and Anne F. Luther, both of whom are citizens of Minnesota;

Rudy R. Luther who is a citizen of Minnesota;

Melissa Luther who is a citizen of Washington D.C.;

Blake Luther who is a citizen of Michigan;

Lauren Luther who is a citizen of Minnesota;

Charles Luther who is a citizen of Minnesota;

C. David Luther Art V Trust whose Trustees C. David Luther, R. Dan Luther and Anne Luther, all of whom are citizens of Minnesota; and

R. Dan Luther Art V Trust whose Trustees are R. Dan Luther, C. David Luther and Rudy R. Luther, all of whom are citizens of Minnesota.

3. Luther Genesis is a new motor vehicle dealer as defined by Minn. Stat. § 80E.03(3) and operates a GMA franchised motor vehicle dealership, where it sells and services GMA products pursuant to a franchise, as defined by Minn. Stat. § 80E.03(8).

4. Defendant, GMA, is a corporation organized and existing under the laws of California with its principal place of business located in Fountain Valley, California.

5. GMA is a manufacturer and distributor, as defined by Minn. Stat §§ 80E.03(4)-(5) as it manufactures *inter alia* GMA vehicles and sells, and offers to sell, those vehicles to new motor vehicle dealers (including Luther Genesis) in this State.

### Jurisdiction

6. This court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) in that there is complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000 exclusive of jurisdiction and costs.

7. Venue is proper in this district pursuant to 28 U.S.C. §1391(a) in that jurisdiction is founded solely on the basis of diversity, and GMA, by virtue of its systematic and continuous business contacts in this district, resides in this district.

### Facts Applicable to All Claims

#### GMA's Primary Market Area

8. As a part of its Dealer Sales and Services Agreement ("Dealer Agreement") with GMA, Luther Genesis is authorized to sell and service GMA vehicles. The Dealer Agreement governs the contractual relationship between GMA, a motor vehicle manufacturer, and Luther Genesis, a licensed motor vehicle dealer, pursuant to which Luther Genesis is authorized to transact business pertaining to new Genesis vehicles.

9. GMA refers to a dealer's assigned area by which it measures the dealer's sales efficiency as its Primary Market Area ("PMA").

10. GMA measures its dealer's sales effectiveness (i.e. performance) based on a calculation of a dealer's "Sales Efficiency." Under the Sales Efficiency formula, a dealership's overall retail new vehicle sales are compared against the total registrations of

same-segment new vehicles within the dealer's PMA. This makes the accurate assignment of a dealership's PMA critical for the Sales Efficiency measurement to be fair and meaningful.

11. Sales efficiency measurements are a tool GMA uses to determine dealer performance, establish objectives for contests and sales incentives, and is a basis used in determining dealer compliance with the sales obligations of its Dealer Agreement. Meaning, a dealer can face significant negative effects, including termination, for failure to meet its sales performance responsibilities under the Dealer Agreement.

12. Luther Genesis' PMA currently consists of 146 census tracts ("existing PMA").

13. Luther Genesis is an effective dealer of Genesis vehicles and sells vehicles throughout its existing PMA.

### GMA's Change to Luther Genesis' Primary Market Area

14. By letter dated October 23, 2020, GMA notified Luther Genesis that it intended to change the dealer's PMA assignment. (A copy of the letter and referenced attachments is attached as Exhibit A).

15. Significantly, GMA's letter revealed that it intended to add thirteen (13) additional census tracts to Luther Genesis' PMA. The intended change includes the addition of census tracts from five different counties.

16. By letter dated November 3, 2020, Luther Genesis responded to GMA's notice letter requesting GMA's analysis of the motor vehicle sales and registrations in the newly assigned census tracts consistent with the information GMA is mandated to consider

when assigning an area of sales effectiveness under Minnesota Statute § 80E.13(p). The dealership also requested GMA's support for their determination that a 40-mile radius for census tract assignments in the case of Luther Genesis' PMA is appropriate. (A copy of Luther Genesis' November 3, 2020 letter is attached as Exhibit B). Luther also invited GMA to meet with Luther to discuss the proposed PMA changes. GMA failed to respond to this request.

17. If GMA properly considered the present pattern of motor vehicle sales and registrations in the market as well as the consideration identified in Minnesota Statutes § 80E.13(p), the 13 census tracts GMA intends to add to Luther Genesis' PMA should not be included.

18. Many of the census tracts GMA intends to add to Luther Genesis' PMA are separated from the dealership by the Minnesota River and represent a populace where Luther Genesis does not enjoy a competitive sales advantage.

19. GMA's assignment of census tracts located as far as 40 miles from the dealership is also inappropriate as customers simply do not travel such distances to purchase a vehicle with the consistency necessary to make the inclusion of these tracts into Luther Genesis' PMA fair or reasonable.

20. Despite Luther Genesis' objections, GMA intends to modify Luther Genesis' Dealer Agreement and adopt the proposed PMA effective on January 21, 2021. *See Ex. A.*

### Minnesota's Change in Area of Sales Effectiveness Requirements

21. Minnesota Statute Chapter 80E is titled "Motor Vehicle Sale and Distribution" and governs the relationship between manufacturers/distributors and dealers.

The Chapter governs a wide variety of behavior including a manufacturer's decision to change a dealer's area of sales effectiveness. *See Minn. Stat.* § 80E.13(p) (2020).

22. State statutes governing the relationship between manufacturers and dealers are not a new creation. Minnesota's statutory scheme was enacted in 1981. In fact, the Supreme Court has described such provisions as necessary due to the "disparity in bargaining power between automobile manufacturers and their dealers". *New Motor Vehicle Bd. v. Orrin W. Fox Co.*, 439 U.S. 96, 100 (1978). Statutes, such as Minnesota's, are designed "to protect retail car dealers from perceived abusive and oppressive acts by the manufacturers." *Id*.

23. Minnesota Statute 80E.13(p) makes it unlawful and an unfair practice for a manufacturer to engage in the following practice:

> (p) assign or change a dealer's area of sales effectiveness arbitrarily or without due regard to the present pattern of motor vehicle sales and registrations within the dealer's market. The manufacturer, distributor, or factory branch must provide at least 90 days' notice of the proposed change. The change may not take effect if the dealer commences a civil action within the 90 days' notice period to determine whether the manufacturer, distributor, or factory branch met its obligations under this section. The burden of proof in such an action shall be on the manufacturer or distributor. In determining at the evidentiary hearing whether a manufacturer, distributor, or factory branch has assigned or changed the dealer's area of sales effectiveness or is proposing to assign or change the dealer's area of sales effectiveness arbitrarily or without due regard to the present pattern of motor vehicle sales and registrations within the dealer's market, the court may take into consideration the relevant circumstances, including, but not limited to:
>
> (1) the traffic patterns between consumers and the same line-make franchised dealers of the affected manufacturer, distributor, or factory branch who are located within the market;

(2) the pattern of new vehicle sales and registrations of the affected manufacturer, distributor, or factory branch within various portions of the area of sales effectiveness and within the market as a whole;

(3) the growth or decline in population, density of population, and new car registrations in the market;

(4) the presence or absence of natural geographical obstacles or boundaries, such as rivers;

(5) the proximity of census tracts or other geographic units used by the affected manufacturer, factory branch, distributor, or distributor branch in determining the same line-make dealers' respective areas of sales effectiveness; and

(6) the reasonableness of the change or proposed change to the dealer's area of sales effectiveness, considering the benefits and harm to the petitioning dealer, other same line-make dealers, and the manufacturer, distributor, or factory branch;

*See Minn. Stat.* § 80E.13(p) (2020).

24. Independent of the clear language of Minn. Stat. § 80E.13(p), which expressly allows for a civil action, Minn. Stat. § 80E.17 provides a right of action for any dealer that is harmed, or would be harmed, by a manufacturer's violation of the Minnesota dealer franchise act, including section 80E.13(p). It states:

"Notwithstanding the terms of any franchise agreement or waiver to the contrary, any person whose business or property is injured by a violation of sections 80E.01 to 80E.17, or any person injured because of the refusal to accede to a proposal for an arrangement which, if consummated, would be in violation of sections 80E.01 to 80E.17, may bring a civil action to enjoin further violations and to recover the actual damages sustained, together with costs and disbursements, including reasonable attorney's fees."

*See Minn. Stat.* § 80E.17 (2020).

7

### GMA's Violation of Minn. Stat. § 80E.13(p)

25. GMA's proposed change to Luther Genesis' assigned PMA (i.e. its area of sales effectiveness) is unlawful and unfair under the Minnesota Motor Vehicle Sales & Distribution Act as the proposed changes will assign census tracts to Luther Genesis arbitrarily and without due regard to the present pattern of motor vehicle sales and registrations within the dealer's market.

26. Among other failures, GMA's proposed assignments fail to consider existing traffic patterns and customer behavior, the current pattern of new vehicle sales and registrations in those tracts, the population changes in the market, the presence (and absence) of natural geographic obstacles or boundaries, <u>such as rivers</u>, and the benefits and harm GMA's changes will make on the affected dealer(s).

27. Further, GMA's unlawful and unfair change to Luther Genesis' PMA will result in substantial harm to Luther Genesis.

28. The addition of the proposed census tracts to Luther Genesis' area of sales effectiveness will negatively affect Luther Genesis' sales efficiency, will increase its sales responsibilities under periodic sales objective programs, and will increase its planning volume and, possibly, its future facility size requirements which correspond with its planning volume (i.e. sales volume).

### **Count I (Violation of Minn. Stat. § 80E.13(p))**

29. Luther Genesis realleges and incorporates paragraphs 1-28 as set forth fully herein.

30. Minnesota Statute § 80E.13(p) makes it unlawful and unfair for GMA to change or assign a dealer's area of sales effectiveness arbitrarily or without due regard to the present pattern of motor vehicle sales and registrations within the dealer's market.

31. By letter dated October 23, 2020, GMA gave notice of its intent to change Luther Genesis' assigned PMA.

32. If adopted, Luther Genesis' PMA will include additional census tracts which are unlawful and unfair once consideration is given to multiple pertinent factors affecting motor vehicle sales and registrations in Luther Genesis' market, including but not limited to:

    i. The traffic patterns between consumers and the same line-make franchised dealers of the affected manufacturer, distributor, or factory branch who are located within the market;

    ii. The pattern of new vehicle sales and registrations of the affected manufacturer, distributor, or factory branch within various portions of the area of sales effectiveness and within the market as a whole;

    iii. The growth or decline in population, density of population, and new car registrations in the market;

    iv. The presence or absence of natural geographical obstacles or boundaries, such as rivers;

    v. The proximity of census tracts or other geographic units used by the affected manufacturer, factory branch, distributor, or distributor branch in determining the same line-make dealers' respective areas of sales effectiveness; and

    vi. The reasonableness of the change or proposed change to the dealer's area of sales effectiveness, considering the benefits and harm to the petitioning dealer, other same line-make dealers, and the manufacturer, distributor, or factory branch;

33. Luther Genesis has the right to bring this claim pursuant to Minn. Stat. § 80E.13(p) and Minn. Stat. § 80E.17, which allows Luther Genesis to recover damages as well as its attorney's fees. Luther Genesis requests a judgment against KMA in the amount of its damages as well as its attorney's fees expended in pursuit of its claim.

34. Minn. Stat. § 80E.13(p) further provides that a proposed change may not take effect if the dealer commences a civil action within the 90 days' notice period. By commencing this action within 90 days of Luther Genesis' receipt of the notice letter, GMA's proposed change may not go into effect absent a determination that GMA has met its obligations under Minn. Stat. § 80E.13(p).

**Count II (Declaratory Judgment of Area of Sales Effectiveness)**

35. Luther Genesis realleges and incorporates paragraphs 1-34 as if set forth fully herein.

36. An actual controversy exists between Luther Genesis and GMA as to whether GMA is acting lawfully and fairly, under Minnesota Statute § 80E.13(p), in changing Luther Genesis' area of sales effectiveness (i.e. PMA) assigned to Luther Genesis.

37. GMA has proposed to change Luther Genesis' GMA in a manner which is arbitrary and without due regard to the present pattern of motor vehicle sales and registrations within Luther Genesis' market in violation of Minnesota law.

38. If adopted, Luther Genesis will be substantially harmed as a result of GMA's proposed change.

39. Luther Genesis seeks a declaratory judgment pursuant to Title 28, United States Code, § 2201, for the purpose of determining this question of actual controversy between the parties.

WHEREFORE, Luther Genesis demands a jury trial on all issues so triable and entry of a judgment against GMA:

(i) finding that GMA has violated Minnesota Statute Section 80E.13(p);

(ii) declaring the proposed change to Luther Genesis' PMA to be unlawful and unfair;

(iii) awarding Luther Genesis its damages as well as attorney's fees and costs; and

(iv) such other and further relief that this Court deems just.

Dated: January 19, 2021

Respectfully Submitted,

   s/ Charles Maier_____
Charlies Maier, Esq. (MN#230315)
Eric V. Brown, Esq. (MN#393078)
LATHROPGPM LLP
500 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
Telephone: (612) 632-3000
Facsimile: (612) 632-4000
Charles.Maier@lathropgpm.com
Eric.Brown@lathropgpm.com

AND

Jason T. Allen, FL # 25659
*Pro Hac Vice Application Pending*
Micah A. Andrews, FL #117592
*Pro Hac Vice Application Pending*
BASS SOX MERCER
2822 Remington Green Circle
Tallahassee, FL 32308
Telephone: (850) 878-6404
Facsimile: (850) 942-4869
jallen@dealerlawyer.com
mandrews@dealerlawyer.com

ATTORNEYS FOR PLAINTIFF